**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CALVIN WAYNE SMITH, 137084,** | § | |
| Petitioner, | § § § | |
| v. | § § | Civil Action No. **3:09-CV-1314-L** |
| **RICK THALER, Director**, **TDCJ-CID,** | § § § | |
| Respondent. | § § | |

### MEMORANDUM OPINION AND ORDER

Before the court is Calvin Wayne Smith's ("Smith") Petition for Writ of Habeas Corpus, filed July 14, 2009, pursuant to 28 U.S.C. § 2254. Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court.

**I.    Background**

Smith's habeas application is based on an alleged unlawful search and seizure by police in uncovering a gun and drugs; *Brady* violations, and ineffective assistance of counsel. The case was referred to Magistrate Judge Paul D. Stickney, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on March 27, 2012, recommending that Smith's habeas petition be denied and the action dismissed with prejudice, because Petitioner failed to prove that he has been denied a constitutionally protected interest. On April 23, 2012, the court extended Smith's deadline to file objections to the Report to May 10, 2012.

Thereafter, Smith filed objections to the Report. For the reasons set forth herein, the court **overrules** Smith's objections.

## II.   Analysis - Smith's Objections to the Magistrate's Report

### A.   Search and Seizure

Smith contends that the police forced their way into and searched his motel room and that the search and seizure of a firearm and drugs from his motel room went beyond the scope of the arrest warrant. The magistrate judge concluded that Smith's claim based on unlawful search and seizure are barred from federal habeas review because a federal court may not grant habeas relief based on a Fourth Amendment violation where the state has provided "an opportunity" for full and fair litigation of the issue, and Smith was provided the opportunity for a full and fair hearing on his Fourth Amendment issues. Report 6.

Smith contends that the magistrate judge overlooked his contention that his counsel was ineffective by failing to raise a "significant and substantial issue which resulted in an inadequate litigation of the Fourth Amendment violations committed by the officers of the Garland Police Department." Pet.'s Obj. 5. Smith asserts that his counsel should have, but failed to argue in the motion filed to suppress the evidence that, "the officers had performed an illegal search of the black bag after they reentered the motel room after Mr. Smith had been secured in the police car's back seat . . . and the officer's discovery of what was contained in the black bag had been fruit of the prior unlawful conduct." Pet.'s Obj. 6. Smith argues that his counsel focused instead on what he refers to as a weaker issue that pitted his credibility against that of the arresting officers, who testified that they saw Smith kick the black bag at issue under the bed.

This claim based on ineffective assistance of counsel was raised for the first time in Smith's objections to the magistrate judge's findings and recommendation. It was not included in his habeas petition or reply in support of his habeas petition. Instead, Smith complained only of the underlying alleged Fourth Amendment violation in his habeas petition. To the extent he seeks to raise this issue as an additional claim, the court declines to consider it. *See Whitten v. Cockrell*, No. 3:01-CV-1487-D, 2003 WL 21509163, at *2 n.4 (N.D. Tex. Apr. 11, 2003). Smith did not seek leave to file an amended habeas petition, and although the court granted Smith an extension to file objections to the magistrate judge's report, it did not give Smith permission to raise new issues or claims not included in his habeas petition. Even if the claim had been previously raised, it does not rise to the level of ineffective assistance and is insufficient to overcome the strong presumption that trial counsel rendered adequate assistance and that the challenged conduct was the product of reasoned trial strategy. *Strickland v. Washington*, 466 U.S. 668, 690 (1984). The court therefore **overrules** the objection.

### B.     *Brady* Violation

To establish a *Brady* claim, Smith was required to establish that "[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Banks v. Dretke*, 540 U.S. 668, 691 (2004) (quoting *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999)). Evidence is material under *Brady* where there exists a "reasonable probability" that had the evidence been disclosed, the result at trial would have been different. *Banks*, 540 U.S. at 698-99. A reasonable probability of a different result exists when the

**Memorandum Opinion and Order – Page 3**

government's suppression of evidence "undermines confidence in the outcome of the trial." *Kyles v. Whitley*, 514 U.S. 419, 434 (1995).

The magistrate judge concluded that because Smith was convicted of drug possession, not possession of drug paraphernalia, the police's inadvertent destruction of photographs of empty baggies containing drug paraphernalia was not material or exculpatory, and Smith failed to show otherwise. Smith relies on a large body of case authority from various jurisdictions that address *Brady* and due process violations based on destruction of or failure to disclose evidence; however, all of the cases cited merely reinforce the magistrate's conclusion that the evidence must be exculpatory. Smith's reliance on a news article regarding alleged police misconduct is likewise unavailing, because he was not charged with possession of drug paraphernalia. While potentially material to a possession of drug paraphernalia conviction, it is not material to Smith's drug possession conviction under the *Brady* and *Kyles* standards. Even if it could have been shown that Smith's fingerprints were not on the baggies that previously contained drug paraphernalia shown in photographs, the nondisclosure of such evidence does not make his drug possession conviction verdict less worthy of confidence given other evidence of Smith's drug possession. The court therefore **overrules** Smith's objection on this ground.

### C. Ineffective Assistance of Counsel

Smith ineffective assistance of counsel claim is based on his contention that his counsel failed to conduct a proper investigation and failed to request a continuance or mistrial due to the state's alleged failure to provide timely notice of its mistaken destruction of drug paraphernalia evidence and intent to seek a deadly weapon finding. To prevail on his ineffective assistance of counsel claim, Smith must demonstrate that his counsel's performance was deficient and prejudiced

his defense so gravely as to deprive him of a fair trial. *Strickland*, 466 U.S. at 687. The court's scrutiny of his counsel's performance "must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Id.* at 689. Under this standard, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and even if counsel is proven deficient, a petitioner must prove prejudice. *Id.* To prove prejudice, Smith must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999). It is not sufficient to show a "mere possibility of a different outcome." *Id.* Instead, Smith must show that the prejudice made his sentencing "fundamentally unfair or unreliable." *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### 1. Investigation

Smith's asserted a handful of reasons to support his ineffective assistance claim based on his counsel's alleged failure to investigate that were addressed in the magistrate's report. The court addresses only the matters to which objections were made. Smith contends that his counsel failed to investigate adequately the truthfulness of Officer Dennis M. Morrow's statements regarding his investigation of Smith's involvement in drug activity. Smith further asserts that his counsel should have sought funds from the court to hire a private investigator to "dig into the histories of all of the officers involved in his arrest" and to also locate two witnesses that Smith advised his attorney should be interviewed. Pet.'s Obj. 12-13. According to Smith, "[t]hese witnesses *may have possessed* information that would lead to further evidence or information implicating officers of the Garland Police Department who were dishonest and corrupt." Pet.'s Obj. 13. Smith further argues that an investigator "quite *possibly could have* eventually discovered . . . a loose thread that [would

**Memorandum Opinion and Order – Page 5**

unravel] the whole ugly mess of Officer Dennis M. Morrow and his cohorts setting people up for false and bogus drug arrests being uncovered," and that this would have changed the outcome of his trial. *Id.* It is unclear whether Smith made this argument to the magistrate judge. The court nevertheless **overrules** the objection, because it is based on pure speculation and, more importantly, Smith fails to explain how testimony or evidence of alleged police corruption unrelated to his case would have benefited him or affected the outcome of his case. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) ("[M]ere conclusory allegations do not raise a constitutional issue in a habeas proceeding."). He also provides no explanation as to what evidence would have been uncovered if an investigation regarding Officer Morrow's investigation of Smith's involvement in drug activity had been conducted and how this unspecified evidence would have affected the outcome of his case. *Id.* Moreover, Smith's counsel states in his affidavit that he attempted to locate the two persons identified by Smith and was unable to find them based on the limited information provided and available. The magistrate judge also noted that there is no evidence that the two potential witnesses identified by Smith would have testified favorably on his behalf. Accordingly, the court **overrules** this objection.

### 2. Continuance or Mistrial - Deadly Weapon

Smith alleged in his habeas petition that his counsel was ineffective because he failed to move for a continuance based on untimely notice that the state intended to seek a deadly weapon finding. In his objections, he states that he is abandoning this portion of his claim. Pet.'s Obj. 15. Smith argues instead that if the firearm and drug paraphernalia had been subjected to mitochondrial DNA testing, a SNP analysis, and tested for fingerprints, there would be a substantial question in the jurors' minds regarding his contention that the police fabricated the facts and charges against him.

**Memorandum Opinion and Order – Page 6**

Smith fails to explain how or why testing the firearm or drug paraphernalia would have affected the outcome of his trial given other evidence presented by the state that he possessed the firearm and drugs at issue. Accordingly, the court concludes that Smith has failed to establish that his counsel's performance was deficient for not conducting the aforementioned tests and the requisite prejudice required to prevail on an ineffective assistance of counsel claim. The objection is therefore **overruled.**

### 3. Continuance or Mistrial - Evidence Destruction

In his habeas petition, Smith asserted that his counsel "failed to request a continuance pertaining to the untimely notice of destroyed evidence." Pet. 7. In a memorandum filed in support of his petition, Smith refers similarly to insufficient notice of "destroyed evidence" and his counsel's failure to request a continuance. In his objections, however, he contends that he must not have stated the basis of this claim as clearly as he should have and that the actual basis of his claim is that his counsel should have asked for a continuance concerning evidence *not* destroyed so that those items could have been tested for fingerprints and DNA. He further contends that his counsel was ineffective for failing to move for a mistrial based on the state's destruction of evidence that could have been tested for fingerprints and DNA.

Even assuming that this claim was raised in Smith's habeas petition, the court concludes that it is without merit for the reasons already explained with regard to Smith's *Brady* claim and ineffective assistance of counsel claim based on his counsel's failure to test evidence, as the "mere possibility of a different outcome" is not sufficient to establish prejudice. *Crane*, 178 F.3d at 312. Moreover, as noted by the magistrate judge, Smith has failed to show that his counsel was not timely provided with notice that the drug paraphernalia evidence was destroyed, and his counsel stated that

**Memorandum Opinion and Order – Page 7**

he and Smith knew in advance about all evidence presented at his trial. The objection is therefore **overruled**.

### III. Conclusion

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. The court **overrules** Smith's objections, **denies** his Petition for Writ of Habeas Corpus, and **dismisses** this action **with prejudice**.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
   **(a)   Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
   **(b)   Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 17th day of May, 2012.

Sam A. Lindsay
United States District Judge